UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY, | No. 2:18-cv-2124 MCE KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and moves for injunctive relief. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1), and Local Rule 302. For the reasons set for below, the undersigned finds that plaintiff failed to exhaust his administrative remedies before filing this action, recommends dismissal of this action in its entirety, and also recommends denial of plaintiff's request for injunctive relief.

I. In Forma Pauperis Application

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening of Complaint

    A. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Pursuant to the initial screening of a complaint under 28 U.S.C. § 1915A, a court may dismiss an action for failure to exhaust administrative remedies. See Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of prisoner's complaint because he failed to exhaust his administrative remedies). Thereafter, failure to exhaust is an affirmative defense that must be raised and proved by the defendant. Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003).

B. Plaintiff's Allegations

Plaintiff alleges, *inter alia*, that while he was housed at the California State Prison, Sacramento (CSP-SAC"), plaintiff was retaliated against by defendants at CSP-SAC in response to a civil rights complaint plaintiff filed in federal court, as well as multiple administrative appeals he filed. Plaintiff claims he was transferred away from CSP-SAC in retaliation. Plaintiff was transferred to California Correctional Institution in Tehachapi, California ("CCI"), where he is presently housed, before he filed the instant complaint. Plaintiff names as defendants Warden Baughman, Associate Warden Peterson, Correctional Captain Percy, and Riley, all individuals employed at CSP-SAC, as well as Secretary of the CDCR Scott Kernan. As relief, plaintiff seeks injunctive relief, declaratory relief, and money damages.

////

////

C. <u>Discussion</u>

Initially, the undersigned notes that although plaintiff names Secretary Kernan as a defendant, plaintiff includes no factual allegations as to defendant Kernan. Title 42 U.S.C. § 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), <u>cert. denied</u>, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient). Here, plaintiff does not allege that defendant Kernan was involved in any of the alleged retaliatory acts or in any of the classification committee hearings in which plaintiff's housing decisions were made. Thus, plaintiff fails to state a claim as to defendant Kernan.

Further, in his complaint, plaintiff concedes that he has not exhausted his administrative remedies. Rather, he asserts that he contemporaneously filed his motion for injunctive relief at the same time he filed his administrative appeal. (ECF No. 1 at 4.)

It is well established that the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies <u>before</u> bringing a federal civil rights action. See 42 U.S.C. § 1997e(a); <u>Brown v. Valoff</u>, 422 F.3d 926, 934 (9th Cir. 2005); <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1119 (9th Cir. 2009). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Bennett v. King</u>, <u>supra</u>, 293 F.3d at 1098 (citation and internal quotation marks omitted); <u>see</u> <u>also</u> <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007)

("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). This requirement promotes the PLRA's goal of efficiency by: "(1) 'giv[ing] prisoners an effective incentive to make full use of the prison grievance process'; (2) reducing prisoner suits as some prisoners are 'persuaded by the proceedings not to file an action in federal court'; and (3) improving the quality of any remaining prisoner suits 'because proper exhaustion often results in the creation of an administrative record that is helpful to the court.'" Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (quoting Woodford v. Ngo, 548 U.S. 81, 94-95 (2006)). "[A] prisoner must 'complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.'" Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010) (quoting Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)). Even if a prisoner seeks relief that is unavailable through the prison's grievance system (e.g. monetary relief), he must still first exhaust all available administrative remedies. Booth v. Churner, 532 U.S. 731, 741 (2001).

The court finds that plaintiff failed to exhaust his First Amendment claims against defendants, requiring dismissal of his claims. Because plaintiff must administratively exhaust his claims before again bringing them before this court in a civil rights action, the undersigned recommends dismissal of his complaint without leave to amend, but dismisses the action without prejudice to plaintiff filing a new civil rights complaint once he has exhausted his administrative remedies.

III. Motion for Injunctive Relief

A. Legal Standards

Because this motion has not been served on defendants, it effectively seeks a temporary restraining order.[1] While it is the practice in this district to apply the same standards to motions for temporary restraining orders and motions for preliminary injunction, see, e.g.,

---

[1] A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a).

Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010), a temporary restraining order will be granted only in the most extraordinary of circumstances. "Except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice. See Fed. R. Civ. P. 65(b)." Local Rule 231(a).

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 375-76 (2008).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986), quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984).

B. Plaintiff's Allegations

Plaintiff seeks an order enjoining defendants from transferring plaintiff to institutions known to house inmates (a) identified as plaintiff's enemy, (b) identified as members of a gang or security threat group; or (c) with documented histories of perpetrating violence against inmates who identify as having same-sex sexual orientation or belonging to the LGBTQ community. (ECF No. 3 at 2.) In his complaint, plaintiff cited Jackson v. District of Columbia, 254 F.3d 262 (D.C. Cir. 2001), in connection with his concession that he had not exhausted his administrative remedies prior to filing this action. (ECF No. 1 at 5.)

////

C. Discussion

Plaintiff appears to argue that Jackson stands for the proposition that regardless of the exhaustion issue, this court has the power to grant injunctive relief. Jackson, 254 F.3d at 268 (concluding that "the PLRA contains nothing expressly foreclosing courts from exercising their traditional equitable power to issue injunctions to prevent irreparable injury pending exhaustion of administrative remedies"). However, in Jackson, the court explained that this power is generally used to preserve the status quo until a decision on the merits can be reached. Jackson, 254 F.3d at 268. In the instant action, the injunctive relief plaintiff seeks would disrupt the status quo, because plaintiff was no longer housed at CSP-SAC. Additionally, in reaching its conclusion, the court in Jackson rejected an irreparable injury exception to exhaustion. Id.

In any event, the undersigned finds that plaintiff's motion for injunctive relief must fail because plaintiff is precluded from raising his First Amendment claims in his complaint because he failed to first exhaust his administrative remedies. At present, there is no reasonable likelihood that plaintiff will prevail on the substance of his First Amendment challenges.

Moreover, the undersigned notes that even if plaintiff's motion was properly before the court, it would not be likely to support preliminary injunctive relief. Plaintiff's motion is moot because he was transferred to CCI before he filed the instant action. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

Therefore, plaintiff's motion should be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for preliminary injunctive relief (ECF No. 3) be denied;
2. Plaintiff's complaint (ECF No. 1) be dismissed without leave to amend; and
3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 22, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/thor2124.fte.sua+